UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal No. 07-357-01 (RJL) |
| : | |
| EMILIO ESTRADA, : | |
| : | |
| **Defendant.** : | |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, submits the following memorandum in aid of sentencing in the above-captioned case. For the reasons set forth herein, the Government respectfully requests that the Court impose a sentence in accordance with the voluntary U.S. Sentencing Guidelines and the terms of the plea agreement in this case.

### I.      BACKGROUND

On January 29, 2008, Defendant Estrada entered a guilty plea, pursuant to the terms of a written plea agreement, and pleaded guilty to a One-count Information that charged Theft of Government Money, in violation of Title 18, United States Code, Section 641.

According to the Statement of Offense agreed to by the Defendant and filed in this case, since September 1996, and at all times relevant herein, Emilio Estrada, was employed at the Federal Aviation Administration (FAA), 800 Independence Avenue, SW, Washington, D.C., as a Flight Safety Inspector. Beginning in 2000 and continuing until approximately July 2006, Emilio Estrada requested military leave from the FAA and was approved for and used military leave on approximately 19 different occasions.

Prior to 1991, Emilio Estrada had been a member of the D.C. Air National Guard Bureau (DCANG) but he separated from the DCANG on December 8, 1991. At the time of his military separation he was a Technical Sergeant. Emilio Estrada was not a member of the military at any time relevant herein.

Every time Emilio Estrada requested and used military leave, he signed and submitted three fraudulent forms; Military Orders; a Request and Authorization for TDY [temporary duty] Travel For DOD [Department of Defense] Personnel; and a Time Attendance Sheet. The cost to the FAA of the military leave wrongly claimed by Emilio Estrada was approximately $24,432.28.

Beginning during 2000 and continuing until July 2006, in the District of Columbia and elsewhere, Emilio Estrada, willfully and knowingly embezzled and converted to his own use $24,432.28, which was the property of the United States of America, which came into Emilio Estrada's possession by virtue of his employment as a flight safety inspector, Federal Aviation Administration, U.S. Department of Transportation.

Prior to the entry of the guilty plea, Defendant Estrada made full restitution to the FAA.

## II.     SENTENCING CALCULATION

### A.     Statutory Maximum

Defendant pleaded guilty to one count of Theft of Government Money, in violation of 18 U.S.C. § 641. The maximum sentence for the federal offense is 10 years imprisonment, a fine of $250,000.00, or twice the pecuniary gain or loss pursuant to 18 U.S.C. §3571(b)(3) and (d), a $100 special assessment, a 3-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made.

### B. Sentencing Guideline Calculation

The parties agree to the Guideline calculations utilized in the Presentence Report ("PSR"), which correctly calculates Defendant's total offense level at 8. See PSR ¶ 20. Pursuant to the plea agreement, the Government agreed not to oppose a two-level reduction for acceptance of responsibility. See PRS ¶ 19. The PSR also correctly lists Defendant's criminal history as Category I. See PSR ¶ 23. Therefore, the guideline range for Defendant is correctly calculated in the PSR as 0 to 6 months. See PSR ¶ 68. The Government also agreed not to oppose a Defense request for voluntary self-surrender for any sentence that is imposed.

### C. Restitution

As part of thee plea agreement, Defendant Estrada agreed to make restitution to the FAA in the amount of $24,432.28. Full restitution was made prior to the entry of the guilty plea.

### D. Prior Criminal History

Defendant has no criminal history. See PSR ¶ 32.

### III. FACTORS TO BE CONSIDERED IN IMPOSING SENTENCE

In accordance with the factors enumerated in 18 U.S.C. § 3553, the Government submits the following information for the court's consideration in determining the appropriate sentence in this case:

### A. The nature and circumstances of the offense

This case presents an on-going course of criminal conduct in which Defendant Estrada participated for approximately 6 years on 19 different occasions. The case involves repeated instances of theft of money from the FAA and the submission of corresponding false documents in substantiation of the fraudulently claimed military leave which was granted.

According to officials at FAA, Defendant Estrada falsely represented himself as a "two star" General Officer in the D.C. Air National Guard who flew top secret "Black programs." His co-workers and superiors believed his representations to be true. Due to Defendant Estrada's false representations of his military background, his superiors selected him to act as a military liaison and he traveled on behalf of the FAA to attend meetings in that capacity. FAA Officials reported that military officials, who had worked with Defendant Estrada, would call to express how pleased they were to have worked with "General Estrada." Finally, when federal agents executed a search warrant at Defendant Estrada's residence in connection with this case, they observed a two star general's uniform and dress blues cap in the Defendant's bedroom closet. The uniform was embroidered with Defendant's name, General Officer embroidery, and displayed two stars signifying the rank of Major General. The Government submits that it is likely that Defendant Estrada's requested military leave was not viewed as suspect, at least in part, because of his efforts to convince others that he was a General in the D.C. Air National Guard. It is noted that this case came to light when an actual general in the Air Force Reserves realized that Defendant Estrada was not a General and referred the matter for investigation.

**B. The history and characteristics of the defendant**

The defendant is a high school graduate (See, PRS ¶ 43). He is also certified by the FAA as a Mechanic and Airframe Power Plant Mechanic (See, PRS ¶ 45).

**C. The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense**

This is a serious offense which resulted in significant financial loss to the FAA. A sentence in accordance with the advisory U.S. Sentencing Guidelines will send a clear message to other individuals similarly motivated to steal from the government that this kind of conduct could subject them to prosecution and punishment. Conversely, a sentence that is too light could send the message that this kind of criminal behavior is not dealt with seriously. Such a sentence will not promote respect for the laws. A sentence in accordance with that provided by the U.S. Sentencing Guidelines will provide just punishment for the offense, because it takes into account the loss amount, the harm to the victim, and the nature of the offense.

**D. The need for the sentence imposed to afford adequate deterrence to criminal conduct**

A guideline sentence will specifically deter Defendant Estrada from any future criminal conduct. In addition, other members of the public similarly situated in positions that would enable them to falsely claim military leave from their employers may reconsider committing such criminal behavior when weighing the consequences that can occur, including arrest, prosecution, conviction, and punishment.

**E. The need for the sentence imposed to protect the public from further crimes of the defendant**

This case does not involve a violent crime. Therefore, the traditional notions of protection of the public are not impacted. The theft here was from a government agency; the FAA.

**F.  The need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner**

This criteria is not relevant here as while defendant has medical issues, he is receiving appropriate care through Walter Reed Medical Center and he has attained his high school diploma.

### IV.  CONCLUSION

The government respectfully requests that the Court sentence Defendant Emilio Estrada in accordance with the plea agreement in this case and the voluntary U.S. Sentencing Guidelines.

        Respectfully submitted,
        JEFFREY A. TAYLOR
        UNITED STATES ATTORNEY

        _____/s/_____
        SHERRI L. SCHORNSTEIN.
        D.C. Bar # 415219
        Assistant U.S. Attorney
        Fraud & Public Corruption Section
        555 4th Street, N.W.
        Washington, D.C. 20530
        (202) 514-6956

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Government's Memorandum in Aid of Sentencing was served on counsel for Defendant, Steven B. Vinick, Esq., Joseph, Greenwald & Laake, P.A., 6404 Ivy Lane, Suite 400, Greenbelt, Maryland 20770, this <u>14th</u>, day of April, 2008, via the U.S. Mail.

        _____/s/_____
        SHERRI L. SCHORNSTEIN
        Assistant U.S. Attorney